UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
CASE NO.:

MISAEL AREIZAGA PEREZ
a/k/a MISAEL PEREZ
and other similarly situated individuals,

    Plaintiff(s),

v.

ORANGE AVE CONSULTANTS LLC,
d/b/a GITTO'S PIZZA,

    Defendant,
_____/

# COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff MISAEL AREIZAGA PEREZ, and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendant ORANGE AVE CONSULTANTS LLC, d/b/a GITTO'S PIZZA, and alleges:

## JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid half-time overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff MISAEL AREIZAGA PEREZ is a covered employee for purposes of the Act. The Plaintiff is a resident of Orange County, Florida, within the jurisdiction of this Honorable Court. The Plaintiff is a covered employee for purposes of the Act. The Plaintiff was also known as Misael Perez.

3. Defendant ORANGE AVE CONSULTANTS LLC, d/b/a GITTO'S PIZZA, hereinafter GITTO'S PIZZA, or Defendant) is a Florida corporation, having a place of business in Orange County, Florida. The Defendant was engaged in interstate commerce.

4. All the actions raised in this complaint took place in Orange County Florida, within the jurisdiction of this Court.

## GENERAL ALLEGATIONS

5. This cause of action is brought by Plaintiff MISAEL AREIZAGA PEREZ as a collective action to recover from the Defendant half-time overtime compensation, liquidated damages, and the costs and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after November 2018, (the "material time") without being properly compensated.

6. Defendant GITTO'S PIZZA is a pizza restaurant located at 120 S Orange Ave. Orlando, FL 32801, where the Plaintiff worked.

7. Defendant GITTO'S PIZZA employed Plaintiff MISAEL AREIZAGA PEREZ from approximately November 15, 2018, to February 20, 2020, or 66 weeks. However, for FLSA's s purposes, the Plaintiff's relevant period of employment is 42 weeks. The plaintiff does not have any complaint for his first 24 weeks of employment.

8. The Plaintiff was hired as a non-exempted full-time restaurant employee. The Plaintiff had duties as a pizza cook, prep cook, dishwasher and cleaning employee.

9. During his time of employment with Defendant, Plaintiff had a very regular schedule, Plaintiff worked the night shift, 5 days per week. From Tuesday to Saturday Plaintiff

worked from 7:00 PM to 6:00 AM (11 hours daily) The Plaintiff completed an average of 55 working hours weekly. The Plaintiff was unable to take bonafide lunch periods.

10. The Plaintiff was paid at different wage rate for the following periods of employment:

11. 1.- <u>From approximately November 15, 2018, to April 30, 2019, or 24 weeks</u>, Plaintiff was paid at the wage rate of $14.00 an hour plus overtime hours. The plaintiff did not have any complaints in this period.

12. 2.- <u>From approximately May 01, 2019, to November 30, 2019, or 30 weeks</u>, Plaintiff was paid a salary of $850.00. The Plaintiff worked 55 hours every week, thus his regular wage rate was $15.46 an hour, and his overtime rate should be $23.19. In this period, Plaintiff was not paid for overtime hours.

13. 3.- <u>From approximately December 01, 2019, to February 20, 2020, or 12 weeks</u>, Plaintiff was paid a salary of $675.00. The Plaintiff worked 55 hours every week, thus his regular wage rate was $12.28 an hour, and his overtime rate should be $18.42. In this period, Plaintiff was not paid for overtime hours.

14. While employed by the Defendant, the Plaintiff always worked more than 40 hours in a week period. However, when the Defendant paid to Plaintiff a salary, they did not compensate the Plaintiff for overtime hours.

15. The Plaintiff clocked in and out, and the Defendant was able to keep track of the hours worked by the Plaintiff and other similarly situated individuals.

16. Therefore, Defendant willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

17. The Plaintiff was paid bi-weekly with checks and paystubs that did not show the number of days and the real number of overtime hours worked.

18. On or about February 20, 2020, the Plaintiff was fired due to discriminatory reasons. The Plaintiff is in the process of filing his Charge of Discrimination with the Equal Employment Opportunity Commission, (EEOC).

19. The Plaintiff is not in possession of time and payment records, but he will provide a good faith estimate of unpaid overtime hours. After proper discovery, the Plaintiff will adjust his calculations.

20. Plaintiff MISAEL AREIZAGA PEREZ seeks to recover overtime wages for every hour in excess of 40 that he worked, liquidated damages, and any other relief as allowable by law.

21. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendant who are and who were subject to the unlawful payroll practices and procedures of Defendant and were not paid overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

22. The Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**
**FAILURE TO PAY OVERTIME, AGAINST ALL DEFENDANT**

23. Plaintiff MISAEL AREIZAGA PEREZ re-adopts every factual allegation as stated in paragraphs 1-22 above as if set out in full herein.

24. This cause of action is brought by Plaintiff MISAEL AREIZAGA PEREZ as a collective action to recover from the Defendant overtime compensation, liquidated damages, costs and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as

amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after November 2018, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

25. The Defendant GITTO'S PIZZA was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The Defendant is a retail business operating as a pizza restaurant and is engaged in interstate commerce. The Defendant had more than two employees recurrently engaged in commerce or in the production of goods for commerce by regularly and recurrently ordering restaurant supplies produced out of state, by using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources, by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was always material hereto in excess of $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

26. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. The Plaintiff regularly handled and worked on goods and materials that were produced for commerce and were moved across State lines at any time during the business. Therefore, there is FLSA individual coverage.

27. Defendant GITTO'S PIZZA employed Plaintiff MISAEL AREIZAGA PEREZ from approximately November 15, 2018, to February 20, 2020, or 66 weeks. However, for

FLSA's s purposes, the Plaintiff's relevant period of employment is 42 weeks. The plaintiff does not have any complaint for his first 24 weeks of employment.

28. The Plaintiff was hired as a non-exempted full-time restaurant employee. The Plaintiff had duties as a pizza cook, prep cook, dishwasher and cleaning employee.

29. The Plaintiff had a very regular schedule, he worked the night shift, 5 days per week a total of 55 working hours weekly. The Plaintiff was unable to take bonafide lunch periods.

30. The Plaintiff was paid at different wage rate for the following periods of employment:

31. 1.- From approximately November 15, 2018, to April 30, 2019, or 24 weeks, Plaintiff was paid at the wage rate of $14.00 an hour plus overtime hours. The plaintiff did not have any complaints in this period.

32. 2.- From approximately May 01, 2019, to November 30, 2019, or 30 weeks, Plaintiff was paid a salary of $850.00. The Plaintiff worked 55 hours every week, thus his regular wage rate was $15.46 an hour, and his overtime rate should be $23.19. In this period, Plaintiff was not paid for overtime hours.

33. 3.- From approximately December 01, 2019, to February 20, 2020, or 12 weeks, Plaintiff was paid a salary of $675.00. The Plaintiff worked 55 hours every week, thus his regular wage rate was $12.28 an hour, and his overtime rate should be $18.42. In this period, Plaintiff was not paid for overtime hours.

34. While employed by the Defendant, the Plaintiff always worked more than 40 hours in a week period. However, he was not compensated for overtime hours at the correct rate.

35. The Plaintiff clocked in and out, and the Defendant was able to keep track of the hours worked by the Plaintiff and other similarly situated individuals.

36. Therefore, Defendant willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

37. The Plaintiff was paid bi-weekly with checks and paystubs that did not show the number of days and the real number of overtime hours worked.

38. The Plaintiff is not in possession of time and payment records, but he will provide a good faith estimate of unpaid overtime hours. After proper discovery, the Plaintiff will adjust his calculations.

39. The records, if any, concerning the number of hours worked by the Plaintiff and those similarly situated, and the compensation actually paid to such employees should be in the possession and custody of the Defendant. However, upon information and belief, the Defendant did not maintain time accurate records of hours worked by the Plaintiff and other employees.

40. The Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

41. Upon information and belief, Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. The Defendant violated the Posting requirements of 29 U.S.C. § 516.4.

42. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, the Plaintiff's good faith estimate of unpaid overtime wages is as follows:

    * Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modifications as discovery could dictate.

    a. <u>Total amount of alleged unpaid O/T wages</u>:

Four Thousand Five Hundred Eighty-Three Dollars and 70/100 ($4,583.70)

    b. <u>Calculation of such wages</u>:

Total weeks of employment: 66 weeks
Total number of relevant weeks: 42 weeks
Total hours worked: 55 hours weekly

1.- <u>Overtime from May 01, 2019, to November 30, 2019, or 30 weeks</u>

Total number of relevant weeks: 30 weeks
Total hours worked: 55 hours weekly
Total overtime hours: 15 O/T hours
Total number of unpaid O/T hours: 15 O/T hours
Paid: $850.00 weekly:55 hours=$15.46 an hour
Regular rate: $15.46 x 1.5= $23.19 O/T rate-$15.46 paid=$7.73 half-time
Overtime rate: $7.73 an hour or half-time difference

Half-time $7.73 x 15 O/T hours=$115.95 weekly x 30 weeks=$3,478.50

2.- <u>Overtime from December 01, 2019, to February 20, 2020, or 12 weeks</u>

Total number of relevant weeks: 12 weeks
Total hours worked: 55 hours weekly
Total overtime hours: 15 O/T hours
Total number of unpaid O/T hours: 15 O/T hours
Paid: $675.00 weekly:55 hours=$12.28 an hour
Regular rate: $12.28 x 1.5= $18.42 O/T rate-$12.28 paid=$6.14 half-time
Overtime rate: $6.14 an hour or half-time difference

Half-time $6.14 x 15 O/T hours=$92.10 weekly x 12 weeks=$1,105.20

Total #1, and #2: $4,583.70

    c. <u>Nature of wages (e.g. overtime or straight time)</u>:

This amount represents unpaid half-time overtime wages.

43. At all times, the Employer/Defendant failed to comply with Title 29 U.S.C. §207 (a) (1). In that, Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to

properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

44. The Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

45. Defendant GITTO'S PIZZA willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one half his regular rate, as required by the law of the United States, and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above.

46. The Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff MISAEL AREIZAGA PEREZ and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff MISAEL AREIZAGA PEREZ and other similarly situated individuals and against the Defendant GITTO'S PIZZA based on the Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.: and

B. Award Plaintiff MISAEL AREIZAGA PEREZ actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

JURY DEMAND

Plaintiff MISAEL AREIZAGA PEREZ demands trial by a jury of all issues triable as of right by a jury.

Dated: April 3, 2020

         Respectfully submitted,

         By: **/s/ Zandro E. Palma**
         ZANDRO E. PALMA, P.A.
         Florida Bar No.: 0024031
         9100 S. Dadeland Blvd.
         Suite 1500
         Miami, FL 33156
         Telephone: (305) 446-1500
         Facsimile: (305) 446-1502
         zep@thepalmalawgroup.com
         *Attorney for Plaintiff*