**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MISAEL AREIZAGA PEREZ,**

        **Plaintiff,**

**v.**                                                              **Case No:   6:20-cv-580-Orl-22EJK**

**ORANGE AVE CONSULTANTS LLC,**

        **Defendant.**

_____/

### REPORT AND RECOMMENDATION

This cause comes before the undersigned on Plaintiff's renewed Motion for Clerk's Default (the "Motion"), filed November 18, 2020. (Doc. 17.) For the reasons set forth below, I respectfully recommend that the Motion be denied and the Court dismiss this action for failure to timely serve Defendant.

**I.        BACKGROUND**

Plaintiff instituted this case pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201–219, on April 3, 2020. (Doc. 1.) Three months later, Plaintiff served Defendant by leaving a copy of the Complaint and summons with Bill Marcello at 116 South Orange Avenue, Orlando, Florida 32801. (Doc. 9.) On October 22, 2020, the Court directed Plaintiff to move for entry of Clerk's default by November 6, 2020, or face dismissal of the case due to failure to prosecute. (Doc. 14.) Plaintiff timely filed a motion for entry of Clerk's default on October 26, 2020. (Doc. 15.) I denied that motion without prejudice, as Plaintiff failed to properly establish how service on Bill Marcello complied with either state or federal law. (Doc. 16 at 3.) I also ordered Plaintiff to show cause, on or before November 18, 2020, why the action should not be dismissed for failure to serve

Defendant within the time set forth by Federal Rule of Civil Procedure 4(m). (*Id.*) Plaintiff filed the instant Motion, which I construe as his response to the Order to Show Cause.

## II.      LEGAL STANDARD

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Before the clerk may enter default, he or she must determine that effective service has been made on the defaulting defendant because, without effective service, there is no jurisdiction and no obligation to answer or "otherwise defend." *See Kelly v. Florida*, 233 F. App'x 883, 885 (11th Cir. 2007) (unpublished).

## III.     DISCUSSION

Defendant has not responded to Plaintiff's Complaint or otherwise appeared, and the time to do so has expired. Fed. R. Civ. P. 12(a) (providing that a defendant must file a responsive pleading to a complaint within 21 days after being served a copy of the summons and the complaint). The Court must now determine whether Plaintiff perfected service on Defendant. For corporate defendants, the Federal Rules of Civil Procedure provide that service can be made by: delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant[.] Fed. R. Civ. P. 4(h)(1)(B). A corporate defendant may also be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(h)(1)(A), 4(e)(1).

The Florida Statutes permit process to be served on limited liability companies through either the registered agent or the registered agent's employee. *See* Fla. Stat. §§ 48.062(1). If service cannot be made on the limited liability company's registered agent, then a member of a member-managed limited liability company, or the manager of a manager-managed limited liability company, may be served instead of the registered agent. *Id.* § 48.062(2). If neither a member nor the manager is available during business hours, then "he, she, or it may designate an employee of the limited liability company to accept such service." *Id.* § 48.062(2)(c). As a last resort, service of process "may be effected by service upon the Secretary of State as agent of the limited liability company." *Id.* § 48.062(3).

The Affidavit of Service for Defendant provides that the service processor left a copy of the summons and Complaint with Bill Marcello at 116 South Orange Avenue, Orlando, Florida 32801. (Doc. 9.) This is also the address for Defendant's registered agent, Jeffrey Gitto. Further, Defendant's Articles of Organization and annual reports indicate that it is a member-managed LLC; thus, service on Defendant can be made through its members or an employee designated by a member. *See* Fla. Stat. § 48.062(2).

Plaintiff explains that Bill Marcello, a manager of Defendant, was served a copy of the summons and Complaint because the registered agent was absent. (Doc. 17 at 3) (*see also* Doc. 18-1.) It is Plaintiff's position that by serving Bill Marcello, service was made in compliance with Florida Statute 48.062(2). However, nothing in the Motion or in the affidavit of service establishes that Bill Marcello is a *member* of Defendant or was *designated by a member* to accept service. *See* Fla. Stat. § 48.062(2)(a), (c). As such, the undersigned finds that service was not perfected on Defendant pursuant to § 48.062(2), and this action is due to be dismissed for failure to timely serve pursuant to Rule 4(m).

The Eleventh Circuit has held that "when a district court finds that a plaintiff fails to show good cause for failing to effect timely service pursuant to Rule 4(m), the district court must still consider whether any other circumstances warrant an extension of time based on the facts of the case." *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1282 (11th Cir. 2007). For example, the court should consider whether a plaintiff's case would be barred by the running of the statute of limitations if the court were to dismiss the action for failure to effect service of process. *Id.*

I find no such circumstances exist to warrant an extension of time for Plaintiff to serve Defendant. Plaintiff alleges he was employed from November 2018 through February 2020. (Doc. 1, ¶ 7.) Plaintiff filed this action on April 3, 2020. (Doc. 1.) The statute of limitations for an action for willful violation of the FLSA is three years. 29 U.S.C. § 255(a); *Brown v. Gulf Coast Jewish Family Servs., Inc.*, No. 8:10–cv–1749–T–27AEP, 2011 WL 3957771, at *8 (M.D. Fla. Aug. 9, 2011). Assuming, without deciding, that Defendant willfully violated the FLSA, as Plaintiff has alleged (Doc. 1, ¶¶ 16, 36, 45), Plaintiff has until November 2021 to refile his overtime and minimum wage claims against Defendant, if Plaintiff so chooses. As such, I find that there are no extenuating circumstances warranting an extension of time to serve Defendant.

## IV.    CONCLUSION

Upon consideration of the foregoing, I **RESPECTFULLY RECOMMEND** that the Court:

1.    **DENY** Plaintiff's Renewed Motion for Entry of Clerk's Default (Doc. 17);

2.    **DISMISS** this action **WITHOUT PREJUDICE** for failure to timely serve, pursuant to Rule 4(m); and

3.    **DIRECT** the Clerk to **CLOSE** the file.

## NOTICE TO PARTIES

A party has **fourteen days** from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.   A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on Florida on November 19, 2020.


_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE


Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Parties